■    In the Matter of ROBERT REILLY, Appellant, v LEON J. VINCENT, as Superintendent of Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to show cause why a certain check was not deposited to petitioner's account, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated December 23, 1974, which dismissed the petition. Judgment affirmed, without costs. The Court of Claims has jurisdiction over this claim, sounding in tort, for money damages (Court of Claims Act, § 9, subds 2, 4). Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.

■    In the Matter of IDA ROSEN, Respondent, v HERMAN ROSEN, Appellant. IDA G. ROSEN, Respondent-Appellant, v HERMAN S. ROSEN, Appellant-Respondent.—Appeals by petitioner-plaintiff's former husband (1) from an order of the Family Court, Westchester County, dated October 20, 1974, which, in a support proceeding, directed him to pay petitioner $125 per week for her support and also to pay her certain sums for medical, legal and household expenses, (2) from a prior intermediate support order of the same court, dated December 11, 1973, and (3) from so much of a divorce judgment of the Supreme Court, Westchester County, entered July 18, 1975, as, in an action, awarded to plaintiff alimony of $332 per week and directed the entry of judgment in favor of plaintiff for $32,000; and plaintiff cross-appeals from so much of the judgment as denied her an interest in certain mortgages and property. Orders and judgment affirmed insofar as appealed from, with one bill of costs to petitioner-plaintiff to cover all the appeals. The orders of the Family Court are entirely proper and supported by the evidence in the record. As to the alimony awarded plaintiff by Special Term, we hold that in view of defendant's conduct and testimony during the trial of the action for a divorce it was proper for the court to base its determination upon proof of plaintiff's needs (see *Kay v Kay,* 37 NY2d 632). The $32,000 awarded plaintiff in the judgment is also supported by the evidence in the record. Finally, plaintiff's claim to an interest in certain mortgages as an *inter vivos* gift cannot be sustained in the absence of proof of donative intent and delivery of the mortgages by defendant (see *Matter of Kelly,* 285 NY 139; *Matter of Scherzinger,* 272 App Div 722, affd 298 NY 521). Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Munder, JJ., concur.

■    In the Matter of DANIEL F. SHEEHAN, Petitioner, v MICHAEL ROTH et al., Constituting the State Liquor Authority of the State of New York, Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the State Liquor Authority, made July 24, 1974, which, after a hearing, suspended petitioner's special on-premises liquor license for a period of 10 days. Determination confirmed and petition dismissed, on the merits, with $50 costs and disbursements. The determination under review is supported by substantial evidence on the record as a whole. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.